Nos. 04-01-00245-CR & 04-01-00246-CR



Christopher BOOS,


Appellant



v.



The STATE of Texas,


Appellee



From the 25th Judicial District Court, Guadalupe County, Texas


Trial Court Nos. 95-0860-CR & 97-0896-CR


Honorable Dwight Peschel, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: March 13, 2002


AFFIRMED

 In 1996, appellant, Christopher Boos, pleaded no contest to the offense of burglary of a
building/criminal mischief in cause number 95-0860-CR. The terms of Boos's plea bargain called for
boot camp, restitution, and 10 years confinement in prison. After Boos served several months in boot
camp, the trial court suspended the 10 years confinement in prison and placed Boos on community
supervision. In 1997, in an open plea, Boos pleaded no contest to the offense of aggravated assault
in cause number 97-0896-CR. The trial court deferred adjudication but placed Boos on community
supervision for 10 years and ordered him to submit to treatment at a substance abuse felony treatment
center. The trial court also added 240 hours of community service to the terms of his community
supervision.

 In January 2001, after Boos was charged with reckless driving and soon thereafter tested
positive for cocaine, the State filed (1) a motion to revoke Boos's community supervision in cause
number 95-0860-CR, and (2) a motion to adjudicate guilt in cause number 97-0896-CR. After
considering both motions in a single hearing, the trial court revoked Boos's community supervision
for the offense of burglary of a building/criminal mischief, and adjudicated his guilt for the offense of
aggravated assault. 

 Boos pleaded "true" to all of the allegations in each motion. Although the sentence originally
imposed for each offense was 10 years, the State recommended at the hearing that Boos serve
concurrent eight-year sentences for both offenses, and also recommended no finding of a deadly
weapon used in the aggravated assault offense. The trial court accepted the pleas of true but did not
accept the terms of the plea bargains. The trial court imposed a sentence of 10 years for the criminal
mischief, to run concurrently with an eight year sentence for the aggravated assault, and entered a
deadly weapon finding.

 On appeal, Boos contends (1) the trial court erred by accepting his pleas of true because he
was not advised he had no right to withdraw the pleas if the trial court rejected the plea bargain
agreement, and (2) he was denied the right to present evidence that may have mitigated his
punishment. Because the issues on appeal involve well-settled law, we overrule Boos's points of
error and affirm the trial court's judgment in this memorandum opinion pursuant to Tex. R. App. P.
47.1

 Boos argues that a plea bargain in a revocation hearing amounts to nothing more than an open
plea to the court, and it is fundamentally unfair for this fact not to be made clear to defendants. He
contends due process should require that a defendant be able to withdraw a plea if the plea bargain
is rejected by the court. A defendant may withdraw a plea of guilty or nolo contendere if the trial
court rejects a plea agreement. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989).
However, there is no corresponding statute that authorizes withdrawal of a plea of true in a
revocation hearing and Boos cites no authority to support this contention. Regardless of the merits
of his argument, Boos cannot prevail because he did not preserve error for review.

 The record reflects that Boos made no objection to the trial court's sentence for either
offense, did not ask to withdraw his pleas of true, did not ask for a continuance, and did not ask to
present any mitigating evidence. To preserve error on appeal, a party must make a specific objection
and obtain a ruling from the trial court, or object to the trial court's refusal to rule. Tex. R. App. P.
33.1.; see Martinez v. State, 17 S.W.3d 677, 686 (Tex. Crim. App. 2000). We hold Boos did not
preserve error on appeal.

 We affirm the trial court's judgments.


 Catherine Stone, Justice


Do not publish